UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

JOYCE M. CHANDLER,
Plaintiff,

v.

HARD ROCK CAFÉ INTERNATIONAL (STP), INC.,
Defendant.

Civil Action No.

MAGISTRATE JUDGE _____

RECEIPT # _____
AMOUNT $ 150
SUMMONS ISSUED N/A
LOCAL RULE 4.1 _____
WAIVER FORM _____
MCF ISSUED _____
BY DPTY. CLK. _____
DATE 12/30/04

### NOTICE OF REMOVAL

TO THE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MASSACHUSETTS:

Defendant Hard Rock Café International (STP), Inc. ("Hard Rock Café") respectfully submits that:

1.  On or about November 30, 2004, Defendant Hard Rock Café received from Plaintiff a copy of a Complaint, Civil Action Cover Sheet and Request for Trial by Jury, in the matter entitled Joyce M. Chandler v. Hard Rock Café International (STP), Inc., (Commonwealth of Massachusetts, Suffolk Superior Court, Civil Action No. 04-5169). Copies of the above-described documents are attached hereto as Exhibit A.

2.  The documents attached as Exhibit A constitute all documents received by Defendant in this matter to date.

3.  This Court has original jurisdiction over this action pursuant to 28 U.S.C. Section 1332, because the action is between parties with a diversity of citizenship and the amount in controversy exceeds the sum of $75,000.00, exclusive of interest and costs. Plaintiff states she is a resident of the Commonwealth of Massachusetts. Defendant is a New York corporation with its principal place of business located in Orlando, Florida.

4.     Defendant will notify the Suffolk Superior Court and all adverse parties of this Notice of Removal by filing with the court a Notice of Filing of Notice of Removal. A copy of that notification, which will be sent to the Suffolk Superior Court, is attached hereto as <u>Exhibit B</u>.

Respectfully submitted,

HARD ROCK CAFÉ
INTERNATIONAL (STP), INC.
By its attorneys,

_____
David J. Kerman (BBO# 269370)
Kavita M. Goyal (BBO #654013)
JACKSON LEWIS LLP
75 Park Plaza, 4th Floor
Boston, MA 02116
(617) 367-0025

Date: December 30, 2004

### CERTIFICATE OF SERVICE

A copy of the above document was served this 30th day of December, 2004, by first class mail, postage prepaid, to attorney for the Plaintiff, Tamsin R. Kaplan, Esq., Tamsin R. Kaplan & Associates, 90 Concord Avenue, Belmont, MA 02478.

_____
Jackson Lewis LLP

JS 44
(Rev. 3/99)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
Joyce M. Chandler

### DEFENDANTS
Hard Rock Cafe International (STP), Inc.

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF  Essex County
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

Tamsin R. Kaplan           (617) 484-3210
Tamsin R. Kaplan & Assoc.
90 Concord Ave., Belmont, MA 02478

ATTORNEYS (IF KNOWN)
David J. Kerman            (617) 367-0025
Jackson Lewis LLP
75 Park Plaza
Boston, MA 02116

## II. BASIS OF JURISDICTION (PLACE AN "X" IN ONE BOX ONLY)

☐ 1 U.S. Government Plaintiff
☐ 2 U.S. Government Defendant
☐ 3 Federal Question (U.S. Government Not a Party)
☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN "X" IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (PLACE AN "X" IN ONE BOX ONLY)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury — Med. Malpractice | ☐ 620 Other Food & Drug |  | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 423 Withdrawal 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander / ☐ 365 Personal Injury — Product Liability | ☐ 630 Liquor Laws |  | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment |  | ☐ 640 R.R. & Truck | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' Liability / ☐ 368 Asbestos Personal Injury Product Liability | ☐ 650 Airline Regs. |  | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 340 Marine | ☐ 660 Occupational Safety/Health | ☐ 820 Copyrights | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 345 Marine Product Liability / **PERSONAL PROPERTY** / ☐ 370 Other Fraud | ☐ 690 Other | ☐ 830 Patent | ☐ 850 Securities/Commodities/Exchange |
| ☐ 160 Stockholders' Suits | ☐ 350 Motor Vehicle / ☐ 371 Truth in Lending |  | ☐ 840 Trademark | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 190 Other Contract | ☐ 355 Motor Vehicle Product Liability / ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury / ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 892 Economic Stabilization Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 893 Environmental Matters |
|  | **PRISONER PETITIONS** |  | ☐ 863 DIWC/DIWW (405(g)) | ☐ 894 Energy Allocation Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting |  | ☐ 864 SSID Title XVI | ☐ 895 Freedom of Information Act |
| ☐ 220 Foreclosure | ☒ 442 Employment / ☐ 510 Motions to Vacate Sentence | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 865 RSI (405(g)) |  |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations / **HABEAS CORPUS:** | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 240 Torts to Land |  / ☐ 530 General |  |  |  |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare / ☐ 535 Death Penalty | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 950 Constitutionality of State Statutes |
| ☐ 290 All Other Real Property | ☐ 440 Other Civil Rights / ☐ 540 Mandamus & Other | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 871 IRS — Third Party 26 USC 7609 | ☐ 890 Other Statutory Actions |
|  |  / ☐ 550 Civil Rights |  |  |  |
|  |  / ☐ 555 Prison Condition |  |  |  |

## V. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)

☐ 1 Original Proceeding
☒ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY)

In this employment discrimination action, Plaintiff is seeking damages in excess of $75,000.00, exclusive of interest and costs, and there is diversity of citizenship between the parties. Therefore there is jurisdiction under 28 U.S.C. 1332.

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A **CLASS ACTION** UNDER F.R.C.P. 23
**DEMAND $** $323,396.00
CHECK YES only if demanded in complaint:
**JURY DEMAND:** ☒ YES ☐ NO

## VIII. RELATED CASE(S) IF ANY (See instructions):
JUDGE _____       DOCKET NUMBER _____

DATE 12/30/04
SIGNATURE OF ATTORNEY OF RECORD [signature]

FOR OFFICE USE ONLY

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

1. Title of case (name of first party on each side only) __Joyce Chandler v. Hard Rock Cafe International__
   (STP)m Ubc,

2. Category in which the case belongs based upon the numbered nature of suit code listed on the civil cover sheet. (See local rule 40.1(a)(1)).

   ☐ I.   160, 410, 470, R.23, REGARDLESS OF NATURE OF SUIT.

   ☒ II.  195, 368, 400, 440, 441-444, 540, 550, 555, 625, 710, 720, 730,        *Also complete AO 120 or AO 121
          740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.            for patent, trademark or copyright cases

   ☐ III. 110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310,
          315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371,
          380, 385, 450, 891.

   ☐ IV.  220, 422, 423, 430, 460, 510, 530, 610, 620, 630, 640, 650, 660,
          690, 810, 861-865, 870, 871, 875, 900.

   ☐ V.   150, 152, 153.

3. Title and number, if any, of related cases. (See local rule 40.1(g)). If more than one prior related case has been filed in this district please indicate the title and number of the first filed case in this court.

4. Has a prior action between the same parties and based on the same claim ever been filed in this court?
   YES ☐   NO ☒

5. Does the complaint in this case question the constitutionality of an act of congress affecting the public interest? (See 28 USC §2403)
   YES ☐   NO ☒

   If so, is the U.S.A. or an officer, agent or employee of the U.S. a party?
   YES ☐   NO ☒

6. Is this case required to be heard and determined by a district court of three judges pursuant to title 28 USC §2284?
   YES ☐   NO ☒

7. Do all of the parties in this action, excluding governmental agencies of the united states and the Commonwealth of Massachusetts ("governmental agencies"), residing in Massachusetts reside in the same division? - (See Local Rule 40.1(d)).
   YES ☐   NO ☒

   A. If yes, in which division do all of the non-governmental parties reside?
      Eastern Division ☐   Central Division ☐   Western Division ☐

   B. If no, in which division do the majority of the plaintiffs or the only parties, excluding governmental agencies, residing in Massachusetts reside?
      Eastern Division ☐   Central Division ☐   Western Division ☐

8. If filing a Notice of Removal - are there any motions pending in the state court requiring the attention of this Court? (If yes, submit a separate sheet identifying the motions)
   YES ☐   NO ☒

(PLEASE TYPE OR PRINT)
ATTORNEY'S NAME __David J. Kerman__
ADDRESS __75 Park Plaza, Boston, MA  02116__
TELEPHONE NO. __(617) 367-0025__

(Coversheetlocal.wpd - 10/17/02)

COMMONWEALTH OF MASSACHUSETTS

SUFFOLK, ss.                                    Superior Court
                                                Civil Action No.   COPY

                                                     04-5169

|  |  |
|---|---|
| JOYCE M. CHANDLER, | ) |
|  | ) |
| Plaintiff, | ) |
| v. | ) |
|  | ) |
| HARD ROCK CAFÉ | ) |
| INTERNATIONAL (STP), INC., | ) |
|  | ) |
| Defendant. | ) |

RECEIVED NOV 29 2004 SUPERIOR COURT - CIVIL MICHAEL JOSEPH DONOVAN CLERK / MAGISTRATE

## COMPLAINT

### Parties

1. Plaintiff Joyce M. Chandler is an individual residing at Zero DeFrancesco Avenue, Salem, Massachusetts.

2. Defendant Hard Rock Café International (STP), Inc. ("HRC") is a New York corporation with corporate headquarters located in Orlando, Florida.

3. HRC regularly does business and solicits customers in Massachusetts.

4. HRC employed Plaintiff Joyce M. Chandler at its offices located at 131 Clarendon Street in Boston, Massachusetts from September 1999 until May 2002.

### Jurisdiction

5. Plaintiff filed her claims of discrimination pursuant to applicable state law with the Massachusetts Commission Against Discrimination ("MCAD") on May 6, 2002. Plaintiff's claims were dismissed by the MCAD on December 18, 2003 and this decision was affirmed on appeal on June 30, 2004. See, Exhibit A. Plaintiff has, therefore, exhausted her administrative remedies as required by law.

COPY

## Facts

6. Plaintiff Joyce M. Chandler is a 60-year-old African-American woman. Her date of birth is August 6, 1944.

7. Ms. Chandler was employed by HRC as a Financial Assistant from September 13, 1999 to May 6, 2002.

8. Ms. Chandler was discharged from her position at the HRC on May 6, 2002.

9. Ms. Chandler was 57 years-old at the time of her termination.

10. As a Financial Assistant for HRC, Ms. Chandler handled payroll, accounting and some human resources functions for the Boston office.

11. Prior to Ms. Chandler's employment by HRC, the responsibilities of the Financial Assistant position were divided between one full-time and one part-time employee.

12. Ms. Chandler was hired by former General Manager Jeff Price in September of 1999 as a full-time Financial Assistant without the support of an additional part-time employee.

13. Ms. Chandler was the oldest employee at HRC's Boston location during her employment.

14. Of 104 total employees at the Boston location, Ms. Chandler was one of only four African-American employees at this location. None of these four African-American employees is working for HRC any longer.

15. Ms. Chandler satisfied and exceeded the requirements of her position. She received three merit-based salary increases during her employment by HRC in February and September of 2000 and in September of 2001. These salary increases were authorized by Ms. Chandler's direct supervisor, General Manager Kevin Vouglitois.

16. For almost two years, from September of 1999 until August of 2001, Ms. Chandler received consistent commendations from her direct supervisors and was not subject to any disciplinary action.

17. In or about March of 2001, HRC hired Matthew Musmanno as Director of Operations for its Northeast Division. Mr. Musmanno is a white man. On information and belief, Mr. Musmanno was approximately 40 years-old at his time of hire by HRC. Mr. Musmanno was Mr. Vouglitois' direct supervisor and, through Mr. Vouglitois, supervised Ms. Chandler.


COPY

18. Upon meeting her, Mr. Musmanno formed an immediate aversion to Ms. Chandler. Mr. Musmanno was personally disparaging of her to Mr. Vouglitois.

19. Shortly after Mr. Musmanno was hired, he began to subject Ms. Chandler to a series of adverse actions and harassment.

20. In the Spring of 2001, Mr. Musmanno ordered Mr. Vouglitois to either fire Ms. Chandler or to reduce her work hours.

21. Mr. Vouglitois considered Ms. Chandler an essential and valuable employee. Accordingly, he chose to reduce Ms. Chandler's hours rather than terminating her. Ms. Chandler was required to fulfill the requirements of her more than full-time job in only 31 hours a week. This reduction in hours put Ms. Chandler under considerable pressure.

22. Nonetheless, Ms. Chandler strove to meet all deadlines, often using her personal time to catch up on her work responsibilities.

23. Upon information and belief, no other HRC employee at the Boston location had his/her hours permanently reduced during this time-period.

24. Mr. Musmanno also changed Ms. Chandler's deadline for filing weekly payroll reports with the HRC Corporate Office from Monday, the deadline imposed on all other Financial Assistants, to Sunday. This unwarranted time constraint placed additional pressure on Ms. Chandler.

25. Mr. Musmanno harassed Ms. Chandler by intentionally engaging in behaviors which he knew to be offensive to her such as smoking in her work area and using foul language in her presence.

26. In or about September of 2001, Mr. Musmanno began to pressure Mr. Vouglitois to fire Ms. Chandler. Mr. Musmanno instructed Mr. Vouglitois to document any errors by Ms. Chandler in order to provide support for her termination.

27. While Ms. Chandler received some critical feedback regarding minor administrative errors from the HRC Corporate Office during the fall of 2001 and winter of 2002, at no point was she informed that these errors might be the basis for any disciplinary action.

28. Mr. Vouglitois warned Ms. Chandler that Mr. Musmanno was looking for a reason to terminate her. Mr. Vouglitois sought to protect Ms. Chandler in an increasingly hostile work environment. When Mr. Musmanno was visiting

3


the Boston office, Mr. Vouglitois often instructed Ms. Chandler to stay at home in order to protect her from abusive treatment by Mr. Musmanno.

29. In addition Mr. Vouglitois also asked Ms. Chandler to refrain from answering the phone at the Boston office. Mr. Vouglitois told Ms. Chandler that if she answered the phone, Mr. Musmanno would harass her.

30. In February of 2002, Mr. Musmanno referred to patrons of Club Zen, then a HRC sponsored establishment primarily targeted at African-American clientele, as "niggers." Mr. Musmanno made this remark in front of several of Ms. Chandler's white co-workers within hearing distance of Ms. Chandler's office.

31. In or about March of 2002, Mr. Musmanno sent an email to Mr. Vouglitois and several other persons in HRC management stating that, amongst other things, "people over 40 can't learn."

32. In or about April of 2002, Mr. Musmanno asked Ms. Chandler whether she planned to spend the weekend at home "rocking in her rocker."

33. In or about the first week of May of 2002, Mr. Musmanno instructed Mr. Vouglitois to terminate Ms. Chandler. Mr. Musmanno told Mr. Vouglitois that he would be discharged if he did not fire Ms. Chandler.

34. On May 6, 2002, Ms. Chandler was informed by Mr. Vouglitois that he was terminating her employment immediately as instructed by Mr. Musmanno. Ms. Chandler received no other communication of any kind stating the basis for her termination.

35. At no time during her employment by HRC did Ms. Chandler receive any disciplinary action of any kind.

36. After Ms. Chandler's termination, Mr. Musmanno instructed Mr. Vouglitois to gather any documentation supporting Ms. Chandler's termination and to label it "verbal" or "verbal warning."

37. Upon Ms. Chandler's termination, Mr. Musmanno directed Elaine Anthony, an Assistant General Manager at the Boston office, to replace Ms. Chandler with a "college-aged" employee.

38. Ms. Chandler was replaced as Financial Assistant by a woman in her early twenties who is not African-American.

39. Defendant's unlawful conduct caused Ms. Chandler substantial pecuniary harm. Ms. Chandler was unable to obtain full-time employment for almost a

4

year after her termination. When she did find new employment, it was at a substantially lower rate of pay and lacked health and pension benefits.

40. As a result of Defendant's discriminatory treatment and unlawful termination, Ms. Chandler suffered substantial emotional distress, including a dramatic elevation of her blood pressure requiring her to seek medical treatment. Upon her termination, Ms. Chandler also suffered from intense anxiety about her financial future. This additional stress and anxiety in turn aggravated Ms. Chandler's hypertension.

## COUNT I

### Discrimination on the Basis of Age, in Violation of Mass.G.L. c. 151B

41. Ms. Chandler restates all allegations contained in paragraphs 1 through 40.

42. Defendant unlawfully discriminated against Ms. Chandler with respect to the terms, conditions and privileges of employment because of her age, in violation of Mass.G.L. c. 151B, §1B.

43. Defendant subjected Ms. Chandler to harassment and a hostile work environment because of her age, in violation of c. Mass.G.L. 151B, §1B.

44. Defendant unlawfully discriminated against Ms. Chandler by terminating her employment because of her age, in violation of Mass.G.L. c. 151B, §1B.

45. As a result, Ms. Chandler has suffered substantial pecuniary loss, emotional distress and other damages for which the Defendant is liable.

46. Ms. Chandler is also entitled to recover punitive damages and attorney's fees and costs pursuant to Mass. G.L. c. 151B.

## COUNT II
### Discrimination on the Basis of Race, in Violation of Mass.G.L. c. 151B

47. Ms. Chandler restates all allegations contained in paragraphs 1 through 46.

48. Defendant unlawfully discriminated against Ms. Chandler with respect to the terms, conditions and privileges of employment because of her race, in violation of Mass.G.L. c. 151B, §1.

49. Defendant subjected Ms. Chandler to harassment and a hostile work environment because of her race, in violation of c. Mass.G.L. 151B, §1.



50. Defendant unlawfully discriminated against Ms. Chandler by terminating her employment because of her race, in violation of Mass.G.L. c. 151B, §1.

51. As a result, Ms. Chandler has suffered substantial pecuniary loss, emotional distress and other damages for which the Defendant is liable.

52. Ms. Chandler is also entitled to recover punitive damages and attorney's fees and costs pursuant to Mass. G.L. c. 151B.

**PLAINTIFF HEREBY DEMANDS A JURY TRIAL ON ALL CLAIMS.**

**REQUESTS FOR RELIEF**

WHEREFORE, Plaintiff Joyce M. Chandler requests that this Court award to Plaintiff back pay, front pay, lost wages and benefits, emotional distress damages, punitive damages, attorneys' fees and costs, and award to Plaintiff all other relief as the Court deems just.

Respectfully submitted,
JOYCE M. CHANDLER
By her Attorneys,

_____
Tamsin R. Kaplan BBO # 561558
Heather M. Nelson BBO # 645086
TAMSIN R. KAPLAN & ASSOCIATES
90 Concord Avenue
Belmont, MA 02478
(617) 484-3210

Dated: November 23, 2004

| CIVIL ACTION COVER SHEET | DOCKET NO(S) 04-5169 | Trial Court of Massachusetts Superior Court Department County: Suffolk |
|---|---|---|
| PLAINTIFF(S) Joyce M. Chandler | | DEFENDANT(S) Hard Rock Cafe International, Inc. |
| ATTORNEY, FIRM NAME, ADDRESS AND TELEPHONE 617-484-3210 Tamsin R. Kaplan, Tamsin R. Kaplan & Associates, P.C., 90 Concord Avenue, Belmont, MA 02478 Board of Bar Overseers number: 561558 | | ATTORNEY (if known) unknown |

Origin code and track designation

Place an x in one box only:
[x] 1. F01 Original Complaint
[ ] 2. F02 Removal to Sup.Ct. C.231,s.104 (Before trial) (F)
[ ] 3. F03 Retransfer to Sup.Ct. C.231,s.102C (X)
[ ] 4. F04 District Court Appeal c.231, s: 97 &104 (After trial) (X)
[ ] 5. F05 Reactivated after rescript; relief from judgment/Order (Mass.R.Civ.P. 60) (X)
[ ] 6. E10 Summary Process Appeal (X)

**TYPE OF ACTION AND TRACK DESIGNATION (See reverse side)**

| CODE NO. | TYPE OF ACTION (specify) | TRACK | IS THIS A JURY CASE? |
|---|---|---|---|
| B22 | Employment Discrimination | (F) | (X) Yes ( ) No |

The following is a full, itemized and detailed statement of the facts on which plaintiff relies to determine money damages. For this form, disregard double or treble damage claims; indicate single damages only.

**TORT CLAIMS**
(Attach additional sheets as necessary)

A. Documented medical expenses to date:
   1. Total hospital expenses .............................................. $..........
   2. Total Doctor expenses .............................................. $..........
   3. Total chiropractic expenses ........................................ $..........
   4. Total physical therapy expenses ................................... $..........
   5. Total other expenses (describe) .................................... $..........
      Subtotal $..........
B. Documented lost wages and compensation to date ......................... $ 30,000.00
C. Documented property damages to date .................................... $..........
D. Reasonably anticipated future medical and hospital expenses ............ $..........
E. Reasonably anticipated lost wages ..................................... $ 193,396.00
F. Other documented items of damages (describe) Emotional Distress
   $ 100,000.00
G. Brief description of plaintiff's injury, including nature and extent of injury (describe)
   Lost wages and benefits and emotional distress damages resulting from race and age discrimination
   $..........
   TOTAL $ 323,396.00

**CONTRACT CLAIMS**
(Attach additional sheets as necessary)
Provide a detailed description of claim(s):

TOTAL $..........

PLEASE IDENTIFY, BY CASE NUMBER, NAME AND COUNTY, ANY RELATED ACTION PENDING IN THE SUPERIOR COURT DEPARTMENT
None

"I hereby certify that I have complied with the requirements of Rule 5 of the Supreme Judicial Court Uniform Rules on Dispute Resolution (SJC Rule 1:18) requiring that I provide my clients with information about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods."

Signature of Attorney of Record _[signature]_ DATE: 11/23/04

AOTC-6 mtc005-11/99
A.O.S.C. 1-2000

## CIVIL ACTION COVER SHEET
## INSTRUCTIONS

### SELECT CATEGORY THAT BEST DESCRIBES YOUR CASE

**CONTRACT**
- A01  Services, labor and materials  (F)
- A02  Goods sold and delivered  (F)
- A03  Commercial Paper  (F)
- A08  Sale or lease of real estate  (F)
- A12  Construction Dispute  (A)
- A99  Other (Specify)  (F)

**TORT**
- B03  Motor Vehicle negligence-personal injury/property damage  (F)
- B04  Other negligence-personal injury/property damage  (F)
- B05  Products Liability  (A)
- B06  Malpractice-medical  (A)
- B07  Malpractice-other(Specify)  (A)
- B08  Wrongful death,G.L.c.229,s2A  (A)
- B15  Defamation (Libel-Slander)  (A)
- B19  Asbestos  (A)
- B20  Personal Injury-Slip&Fall  (F)
- B21  Environmental  (A)
- B22  Employment Discrimination  (F)
- B99  Other (Specify)  (F)

**REAL PROPERTY**
- C01  Land taking (eminent domain)  (F)
- C02  Zoning Appeal, G.L. c.40A  (F)
- C03  Dispute concerning title  (F)
- C04  Foreclosure of mortgage  (X)
- C05  Condominium lien and charges  (X)
- C99  Other (Specify)  (F)

**EQUITABLE REMEDIES**
- D01  Specific performance of contract  (A)
- D02  Reach and Apply  (F)
- D06  Contribution or Indemnification  (F)
- D07  Imposition of Trust  (A)
- D08  Minority Stockholder's Suit  (A)
- D10  Accounting  (A)
- D12  Dissolution of Partnership  (F)
- D13  Declaratory Judgment G.L.c.231A  (A)
- D99  Other (Specify)  (F)

**MISCELLANEOUS**
- E02  Appeal from administrative Agency G.L. c. 30A  (X)
- E03  Action against Commonwealth Municipality, G.L. c.258  (A)
- E05  All Arbitration  (X)
- E07  c.112,s.12S (Mary Moe)  (X)
- E08  Appointment of Receiver  (X)
- E09  General contractor bond, G.L.c.149,s.29,29a  (A)
- E11  Workman's Compensation  (X)
- E14  Chapter 123A Petition-SDP  (X)
- E15  Abuse Petition, G.L.c.209A  (X)
- E16  Auto Surcharge Appeal  (X)
- E17  Civil Rights Act, G.L.c.12,s.11H  (A)
- E18  Foreign Discovery proceeding  (X)
- E96  Prisoner Cases  (F)
- E97  Prisoner Habeas Corpus  (X)
- E99  Other (Specify)  (X)

### TRANSFER YOUR SELECTION TO THE FACE SHEET.

EXAMPLE:

| CODE NO. | TYPE OF ACTION (SPECIFY) | TRACK | IS THIS A JURY CASE? |
|---|---|---|---|
| B03 | Motor Vehicle Negligence-Personal Injury | (F) | ☒ Yes  ☐ No |

### SUPERIOR COURT RULE 29

**DUTY OF THE PLAINTIFF.** The plaintiff or his/her counsel shall set forth, on the face sheet (or attach additional sheets as necessary), a statement specifying in full and itemized detail the facts upon which the plaintiff then relies as constituting money damages. A copy of such civil action cover sheet, including the statement as to the damages, shall be served on the defendant together with the complaint. If a statement of money damages, where appropriate is not filed, the Clerk-Magistrate shall transfer the action as provided in Rule 29(5)(C).

**DUTY OF THE DEFENDANT.** Should the defendant believe the statement of damages filed by the plaintiff in any respect inadequate, he or his counsel may file with the answer a statement specifying in reasonable detail the potential damages which may result should the plaintiff prevail. Such statement, if any, shall be served with the answer.

**A CIVIL ACTION COVER SHEET MUST BE FILED WITH EACH COMPLAINT, BUFF COLOR PAPER.**

**FAILURE TO COMPLETE THIS COVER SHEET THOROUGHLY AND ACCURATELY MAY RESULT IN DISMISSAL OF THIS ACTION.**

COMMONWEALTH OF MASSACHUSETTS

SUFFOLK, ss            SUPERIOR COURT DEPARTMENT
OF THE TRIAL COURT

| | |
|---|---|
| JOYCE M. CHANDLER,<br>    Plaintiff,<br><br>v.<br><br>HARD ROCK CAFÉ<br>INTERNATIONAL (STP), INC.,<br>    Defendant. | Civil Action No. 04-5169 |

## NOTICE OF FILING OF NOTICE OF REMOVAL

To:     Civil Clerk's Office
Suffolk County Superior Court
US Post Office & Courthouse
90 Devonshire Street, 8th Floor
Boston, MA 02109

PLEASE TAKE NOTICE that a Notice of Removal in the above action from the Superior Court, Suffolk County, has been duly filed in the U.S. District Court for the District of Massachusetts. Attached hereto is a certified copy of that Notice of Removal.

Respectfully submitted,

HARD ROCK CAFÉ
INTERNATIONAL (STP), INC.
By its attorneys,

_____
David J. Kerman (BBO# 269370)
Kavita M. Goyal (BBO #654013)
JACKSON LEWIS LLP
75 Park Plaza, 4th Floor
Boston, MA 02116
Date: December 30, 2004      (617) 367-0025

### CERTIFICATE OF SERVICE

A copy of the above document was served this 30th day of December, 2004, by first class mail, postage prepaid, to attorney for the Plaintiff, Tamsin R. Kaplan, Esq., Tamsin R. Kaplan & Associates, 90 Concord Avenue, Belmont, MA 02478.

_____
Jackson Lewis LLP