UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

JOYCE M. CHANDLER,
       Plaintiff,

v.

HARD ROCK CAFÉ
INTERNATIONAL (STP), INC.,
       Defendant.

Civil Action No. 04-12728-RCL

## DEFENDANT'S ANSWER TO COMPLAINT

Defendant, Hard Rock Café International (STP), Inc. ("Hard Rock Café"), hereby responds to Plaintiff's Complaint as follows:

### Parties

1. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 1 of the Complaint.

2. Admits the allegations in paragraph 2 of the Complaint.

3. Denies the allegations in paragraph 3 of the Complaint, except admits that Defendant maintains an establishment located at 131 Clarendon Street in Boston, Massachusetts.

4. Admits the allegations in paragraph 4 of the Complaint.

### Jurisdiction

5. Denies the allegations in paragraph 5, except admits that Defendant received a copy of a charge of discrimination filed by Plaintiff at the Massachusetts Commission Against Discrimination ("MCAD"). Defendant further states that the MCAD determined that Plaintiff's charge lacked probable cause and issued a Dismissal and Notification of Rights dated December 18, 2003, and that the MCAD affirmed the lack of probable cause finding in correspondence dated June 30, 2004.

## Facts

6. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 6 of the Complaint.

7. Admits the allegations in paragraph 7 of the Complaint.

8. Admits the allegations in paragraph 8 of the Complaint.

9. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 9 of the Complaint.

10. Admits the allegations in paragraph 10 of the Complaint.

11. Denies the allegations in paragraph 11 of the Complaint.

12. States that Plaintiff was hired by former General Manger Jeff Price in September, 199 as a full-time Financial Assistant and otherwise, denies the allegations in paragraph 12 of the Complaint.

13. States that Plaintiff was the oldest employee at Defendant's Boston location at the time of her termination from employment.

14. Denies the allegations in paragraph 14 of the Complaint.

15. Denies the allegations in paragraph 15 of the Complaint, except admits that General Manager Kevin Vouglitois authorized Plaintiff to receive three pay increases on February 14, 2000, September 25, 2000 and September 10, 2001.

16. Denies the allegations in paragraph 16 of the Complaint.

17. States that Mathew Musmanno, a white male, became Director of Operations for Defendant's Northeast Region on May 1, 2001, and further states that Mr. Musmanno supervised Mr. Vouglitois, and otherwise denies the allegations in paragraph 17.

18. Denies the allegations in paragraph 18 of the Complaint.

19. Denies the allegations in paragraph 19 of the Complaint.

20. Denies the allegations in paragraph 20 of the Complaint.

21. Denies the allegations in paragraph 21 of the Complaint.

22. Denies the allegations in paragraph 22 of the Complaint.

23. Admits the allegations in paragraph 23 of the Complaint.

24. Denies the allegations in paragraph 24 of the Complaint.

25. Denies the allegations in paragraph 25 of the Complaint.

26. Denies the allegations in paragraph 26 of the Complaint.

27. Denies the allegations in paragraph 27 of the Complaint.

28. Denies the allegations in paragraph 28 of the Complaint.

29. Denies the allegations in paragraph 29 of the Complaint.

30. Denies the allegations in paragraph 30 of the Complaint.

31. Denies the allegations in paragraph 31 of the Complaint.

32. Denies the allegations in paragraph 32 of the Complaint.

33. Denies the allegations in paragraph 33 of the Complaint.

34. Denies the allegations in paragraph 34 of the Complaint.

35. Denies the allegations in paragraph 35 of the Complaint.

36. States that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 36 of the Complaint.

37. Denies the allegations in paragraph 37 of the Complaint.

38. Denies the allegations in paragraph 38 of the Complaint.

39. Denies the allegations in paragraph 39 of the Complaint.

40. Denies the allegations in paragraph 40 of the Complaint.

## COUNT I

41.     Defendant repeats paragraphs 1 through 40 of its answer and incorporates them herein by reference.

42.     Denies the allegations in paragraph 42 of the Complaint.

43.     Denies the allegations in paragraph 43 of the Complaint.

44.     Denies the allegations in paragraph 44 of the Complaint.

45.     Denies the allegations in paragraph 45 of the Complaint.

46.     Denies the allegations in paragraph 46 of the Complaint.

## COUNT II

47.     Defendant repeats paragraphs 1 through 46 of its answer and incorporates them herein by reference.

48.     Denies the allegations in paragraph 48 of the Complaint.

49.     Denies the allegations in paragraph 49 of the Complaint.

50.     Denies the allegations in paragraph 50 of the Complaint.

51.     Denies the allegations in paragraph 51 of the Complaint.

52.     Denies the allegations in paragraph 52 of the Complaint.

### First Affirmative Defense

Plaintiff's Complaint fails to state a claim upon which relief can be granted.

### Second Affirmative Defense

Plaintiff's claim is barred, in whole or in part, by the doctrines of unclean hands, waiver and estoppel.

### Third Affirmative Defense

Plaintiff's claim for damages is barred, in whole or in part, by her failure to mitigate her damages.

### Fourth Affirmative Defense

Plaintiff fails to establish a prima facie case of age or race discrimination.

### Fifth Affirmative Defense

Plaintiff's claim for damages is barred because she failed to take advantage of Hard Rock Café's preventive and/or corrective opportunities or to otherwise avoid harm.

### Sixth Affirmative Defense

Plaintiff's claim is barred by the statute of limitations.

### Seventh Affirmative Defense

Defendant at all times made good faith efforts to comply with obligations under employment discrimination statutes.

### Eighth Affirmative Defense

Plaintiff's claim fails due to her failure to exhaust administrative remedies.

WHEREFORE, Defendant hereby requests that the Court:

1. Dismiss the Complaint in its entirety;

2. Enter judgment for Defendant on all claims;

3. Enter such other relief as may be just and proper.

                                      Respectfully submitted,

                                      HARD ROCK CAFÉ
                                      INTERNATIONAL (STP), INC.
                                      By its attorneys,

                                      /s/ Kavita M. Goyal
                                      David J. Kerman (BBO# 269370)
                                      Kavita M. Goyal (BBO #654013)
                                      JACKSON LEWIS LLP
                                      75 Park Plaza, 4th Floor
                                      Boston, MA 02116
Date: April 1, 2005              (617) 367-0025