UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

JOYCE M. CHANDLER,
      Plaintiff,

v.

HARD ROCK CAFÉ
INTERNATIONAL (STP), INC.,
      Defendant.

Civil Action No. 04-12728-RCL

## JOINT STATEMENT PURSUANT TO LOCAL RULE 16.1(D)

The parties submit this Joint Statement pursuant to Local Rule 16.1 of the United States District Court for the District of Massachusetts and the Court's Notice of Scheduling Conference and Additional Matters. The parties present the following summaries of their respective positions in this case and agree and request that the Court approve the following proposed Pretrial Schedule and Discovery Plan:

### Concise Summary of Position Asserted By Plaintiff

Plaintiff Joyce M. Chandler was unlawfully terminated from her employment by Defendant Hard Rock Café International, Inc. on May 6, 2002. Ms. Chandler is an African-American woman. She was 57 years old at the time of her discharge. Her Complaint in this matter describes the age and race discrimination to which Ms. Chandler was subjected during her employment with HRC and in her unlawful termination.

Ms. Chandler was employed as a Financial Assistant at HRC's offices in Boston, Massachusetts beginning September 13, 1999. Ms. Chandler was the oldest employee at HRC's Boston location and one of only three African-American employees at this location at the time of her termination. Ms. Chandler was a highly capable and hard-working employee who consistently received both commendations and merit-based pay increases from her direct

supervisors. For the first two years of her employment with HRC, Ms. Chandler's performance record was excellent.

However, after HRC hired Matthew Musmanno, a 41 year old white man, as Director of Operations for its Northeast Division in March of 2001, Ms. Chandler's work environment became increasingly hostile and she was subjected to a series of discriminatory actions ultimately leading to her wrongful termination. Mr. Musmanno, who supervised Ms. Chandler's direct supervisor General Manger Kevin Vouglitois, began to pressure Mr. Vouglitois in the Fall of 2001 to fire Ms. Chandler, instructing him to create documentation to support Ms. Chandler's termination.

In the Spring of 2002, Mr. Musmanno made his biases towards African-Americans and older employees clear, calling African-American patrons of the HRC "niggers", stating that "people over 40 can't learn" and asking Ms. Chandler whether she planned to spend her weekend "rocking in her rocker." Ultimately, Mr. Musmanno instructed Mr. Vouglitois to terminate Ms. Chandler or be terminated himself. Ms. Chandler was given no reason, aside from Mr. Musmanno's hostility toward her, for her termination. Mr. Musmanno then requested that Ms. Chandler be replaced by a "college-aged" employee. Upon information and belief, Ms. Chandler was replaced by a woman in her early twenties, who is not African-American.

### Concise Summary of Position Asserted By Defendant

Plaintiff was employed as a Financial Assistant from September 1999 through May 6, 2002 in the Boston, Massachusetts café of Hard Rock Café International (STP), Inc. ("HRC" or "Defendant"). Despite receiving training and guidance, Plaintiff failed to perform her duties satisfactorily and had to be counseled and verbally warned on numerous occasions about her performance deficiencies. Because Plaintiff failed to remedy her performance deficiencies after being given an ample opportunity to do so, HRC terminated her employment for unsatisfactory

performance on May 6, 2002. At no time during Plaintiff's two and one-half years of employment with HRC did Plaintiff complain that she felt she was being discriminated against on the basis of her age or race.

Defendant denies that Plaintiff was discriminated against on the basis of her age or her race. Defendant had legitimate, nondiscriminatory business reasons for terminating Plaintiff's employment and Plaintiff is unable to provide any evidence of pretext. Additionally, the individual who replaced Plaintiff immediately after she was terminated was the same race as Plaintiff. This fact further negates Plaintiff's claim of race discrimination.

## Proposed Pretrial Schedule and Discovery Plan

| | |
|---|---|
| September 30, 2005 | Deadline for completion of all fact discovery, including requests for production of documents, interrogatories and fact witness depositions. The parties agree that each side is allowed to take one deposition in excess of seven hours. |
| November 30, 2005 | Deadline for filing dispositive motions, if any party determines that such a motion is appropriate. |
| December 30, 2005 | Deadline for filing oppositions, if any, to dispositive motions. A moving party may file a reply to the opposition of the responding party. |
| March 3, 2006 | Plaintiff to disclose her experts and expert reports. |
| April 14, 2006 | Defendant to disclose its experts and expert reports. |
| May 15, 2006 | Plaintiff to submit any rebuttal to Defendant's expert reports. |
| June 30, 2006 | Depositions of Plaintiff's and Defendant's experts to be completed. |

The parties further understand and agree that this discovery schedule assumes the cooperation of the parties, all third party witnesses and expert witnesses. The parties further agree that requests for additional time for discovery may be made and shall be reasonably agreed to in the event of delays occasioned by discovery disputes requiring a decision by the Court,

and/or the unavailability of fact or expert witnesses due to vacation or work schedules.

## SETTLEMENT

On April 12, 2005, Plaintiff reiterated her previous settlement demand of $125,000, which she made in November of 2004 prior to filing a complaint in state court. Defendant has not yet had an opportunity to review and respond to Plaintiff's demand.

## CERTIFICATIONS

Local Rule 16.1(D)(3) certifications will be filed by each of the parties under separate cover. The parties decline to have a trial in front of a Magistrate.

WHEREFORE, the parties respectfully request that the Court approve their Proposed Pretrial Schedule and Discovery Plan, with such amendments as the Court deems just and proper.

Respectfully submitted,

| | |
|---|---|
| JOYCE M. CHANDLER | HARD ROCK CAFÉ INTERNATIONAL (STP), INC. |
| By her attorneys, | By its attorneys, |
| /s/ Tamsin R. Kaplan (kmg) | /s/ Kavita M. Goyal |
| Tamsin R. Kaplan (BBO# 561558) | David J. Kerman (BBO# 269370) |
| Tamsin R. Kaplan & Associates | Kavita M. Goyal (BBO #654013) |
| 90 Concord Avenue | JACKSON LEWIS LLP |
| Belmont, MA  02478 | 75 Park Plaza, 4th Floor |
| | Boston, MA 02116 |
| Dated: April 21, 2005 | (617) 367-0025 |

## CERTIFICATE OF SERVICE

A copy of the above document was served this 21st day of April, 2005, by electronic filing and first class mail, postage prepaid, to attorney for Plaintiff, Tamsin R. Kaplan, Esq., Tamsin R. Kaplan & Associates, 90 Concord Avenue, Belmont, MA 02478.

/s/ Kavita M. Goyal
Jackson Lewis LLP

H:\KermanD\Hard Rock Cafe\Chandler\Pleadings\Joint Statement.doc